UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

APR 2 9 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-228

ALBERT ARTHUR FUSON,                                        PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to seek review of a decision denying his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  The case is before the Court on cross-motions for summary judgment; a pivotal portion of the plaintiff's brief can be construed as a motion to remand.

### STANDARDS APPLICABLE TO MOTIONS TO REMAND

In assessing the positions of the parties, it must be noted the pertinent federal statute provides that:

> The Court may . . . at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. Section 405(g) (emphasis added).

While "good cause" for failure to incorporate such evidence might be established when the additional records were not compiled until after the

1

administrative hearing, <u>Oliver v. Secretary of Health and Human Services</u>, 804 F.2d 964, 966 (6th Cir. 1986), the fact that the plaintiff did not seek to have the record remain open to be able to submit evidence mitigates against such a finding, <u>Willis v. Secretary of Health and Human Services</u>, 727 F.2d 551, 554 (6th Cir. 1984).

To be "material," the documents must be "both relevant and probative," "bearing directly and substantially on the matter in dispute," or "likely to have produced a different administrative result." <u>Huffler v. Heckler</u>, 59 F. Supp. 626, 627 (S.D. Ohio 1984).  In order to satisfy this materiality criterion, the claimant must demonstrate that there is a reasonable probability that the Administrative Law Judge (ALJ) would have reached a different conclusion if presented with the new evidence.  <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 711 (6th Cir. 1988). In determining whether to remand a case, the Sixth Circuit Court of Appeals has distinguished between new evidence of the claimant's condition at the time of the administrative hearing and evidence of a subsequent deterioration or change in his condition.  The former is deemed material; the later is not.  <u>See</u> <u>Sizemore</u>, 865 F.2d at 712.

## DISCUSSION

After the administrative law judge's decision was issued, a number of pieces of evidence were submitted, either by the plaintiff's original non-

attorney representative (e.g., the school records at Tr. 262) or by his current attorney (e.g, a report from Dr. Robert Spangler).).

The Court is prepared to find that both of these records were, indeed, "material." The earlier-submitted school records were suggestive of IQ findings consistent with borderline intelligence, and of academic difficulty. (Tr. 262-263), 8th grade testing results showing that the plaintiff had reading comprehension at a grade equivalent level of the 4th grade (Tr. 264), rather than the "limited" education found by the ALJ. For his part, Spangler). not only conducted a new evaluation, but reviewed school records for the plaintiff; on the basis of both, he concluded that Fuson had demonstrated borderline intelligence since he was a child. He also cited specific mental function restrictions which had not been incorporated into the hypothetical question given to the vocational expert.

The next issue is whether there was good cause for failing to submit the record at an earlier point in time, which is a more difficult part of the analysis.

The plaintiff himself is, obviously, without fault in the failure to produce any mental health records earlier, whether one is talking about the Spangler). report or the school records submitted by the agency representative. As stated previously, the new evidence from Spangler). documents lifelong borderline intelligence; the new report also indicates that Fuson would not have the judgment or skills necessary to adequately handle

3

Fuson

his financial affairs.  Further, the plaintiff's mental condition could reasonably have been placed into question by records in the transcript from December, 2000, when Fuson was first seen at the Middlesboro Appalachian Regional Hospital in an acute confusional state (Tr. 172), which apparently included flailing, extreme agitation and uttering profanities (Tr. 119); his condition was initially felt to be related to hypertensive encephalopathy (Tr. 173). Upon his transfer to the University of Tennessee Hospital for further evaluation, however, no primary diagnosis could be made (Tr. 108); neurological and internal medicine consultations show that the plaintiff exhibited no obvious signs of infectious process and that his blood pressure was then normal and no unusual heart sounds, pulse findings or bruits were detected, although the plaintiff was described as still resisting examination and uttering profanities (Tr. 119, 121-122).  Psychiatric drugs such as Ativan, Haldol, Valium, Resperdal were diagnosed for periods of agitation after he became more alert and he was referred for a psychiatric evaluation to be done as an outpatient. (Tr. 108-109).   While the plaintiff did not follow up on the suggestion for further evaluation, this is not necessarily a pivotal factor. Cf. Blankenship v. Bowen, 874 F.2d 1116 (6th Cir. 1989).  Thus, there is sufficient evidence that the plaintiff himself would not have had the mental capacity to appreciate the niceties of producing the evidence at an earlier point in time.

4

Fuson

The issue then becomes whether the need for further documentation rested with the ALJ or upon the plaintiff's representatives. The plaintiff's current lawyer counsel, as documented by the record, did not represent Fuson until sometime after September, 2003, and thus was not responsible for the vast majority of the delay.  Both the ALJ and the non-attorney representative who represented Fuson at the administrative hearing asked no questions whatsoever about his education, mental status, or inquired further about the documented episode of mental confusion.  No questions were asked also despite references to a brain tumor and a prescription of Risperdal contained in the Disability Report. (Tr. 75, 79).  The non-attorney, further, delayed almost six months in submitting the initial school records, which bordered on incompetence.  Under these circumstances, and noting that there are instances when the Sixth Circuit Court of Appeals has applied Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1051-52 (6th Cir. 1983) to situations were there is a lay representative,[1] the undersigned finds that the interests of justice dictate that a remand be had for further consideration of the new exhibits.

This the ____24____ day of April, 2005.

G. WIX UNTHANK,
SENIOR JUDGE

---

[1] Lambdin v. Commissioner, Social Security, 62 Fed. Appx. 623 (6th Cir. 2003).